UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

       *Plaintiff*,

    *v.*                            Case No. 25-CR-60249-DSL

CHELSEA MICHELLE ANN COX,

       *Defendant*.

_____/

**MOTION TO SUPPLEMENT MOTION TO DISMISS
TO RAISE AN AS-APPLIED CLAIM**

Chelsea Michelle Ann Cox, through undersigned counsel, moves to supplement her motion to dismiss (challenging Congress's authority to enact 18 U.S.C. § 611) to include an as-applied challenge to the statute. This motion explains both the good cause for this supplement and the substance of the supplemental claim if the Court grants the request: In addition to the facial challenge raised in her initial motion, Ms. Cox also makes an alternative as-applied challenge based on the uncontested fact that she is alleged to have voted in the State of Florida (rather than in the District of Columbia).

As background, the defense has moved to dismiss the information on the grounds that § 611 is unconstitutional because only the States can set voter qualifications. The motion has been fully briefed by the parties and by amicus counsel. This Court appointed Attorney Paul Clement as *amicus curiae* to address "the constitutional authority of Congress to enact 18 U.S.C. § 611. (Dkt. 37 at 2).  On July 23, 2026, Attorney Clement filed

his brief, which concluded that § 611 is indeed a voter qualification and is "likely unconstitutional." (Dkt. 46 at 14).

Although Attorney Clement's brief is overwhelmingly helpful for the defense here, he does raise one point that requires amending Ms. Cox's motion. Ms. Cox had raised facial challenges to § 611 prior to the filing of the amicus' brief. Such a challenge requires the movant to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). But, as Attorney Clement notes, there is perhaps one conceivable scenario where § 611 is constitutional, even under the logic articulated in the motion to dismiss: "federal elections in the District of Columbia where there is no applicable state law setting voter qualifications." (Dkt. 46 at 38). As Attorney Clement observes, "[t]here is no apparent reason that Congress' plenary authority over the District would not allow Congress to prohibit alien voting, *see* U.S. Const. art. I, §8, cl. 17, and nothing in the constitutional provisions authorizing states to set voter qualifications would apply to the District." *Id.* Thus, Attorney Clement's ultimate conclusion was that § 611 is unconstitutional as applied "to noncitizens in the States." *Id.* at 43.

Given Attorney Clement's astute identification of *one* scenario where § 611 may be valid, the defense requests that the Court consider this supplement to its motion to dismiss, adding an as-applied challenge. Ms. Cox is alleged to have voted in Florida, not in Washington, D.C., and so the narrow exception identified by Attorney Clement does not apply here. For the reasons laid out in the defense's underlying briefing and in

Attorney Clement's brief, § 611 is unconstitutional as applied to her, because the federal government cannot dictate a voter qualification to the State of Florida.

Notably, pursuant to Rule 12(c)(3), the Court can entertain an out-of-time pretrial claim upon a showing of good cause. Given the novelty and complexity of the issue — this is an important issue of first impression — the defense submits that addressing the nuanced wrinkle identified by Attorney Clement provides the good cause to warrant supplementing the motion to raise an as-applied claim.

The government will not be prejudiced by this amendment. Although briefing has concluded, except in response to the amicus brief which is due by August 6, 2026, it is difficult to see the additional arguments the government would need to bring to bear on this point. If there are any additional arguments the government would like to make tailored to this as-applied claim, it could do so in any supplemental briefing which the Court has allowed to be submitted by August 6.

Because there is good cause for the request and no conceivable prejudice to the government, the defense respectfully requests that the Court grant this motion and allow the defense to supplement its motion to dismiss with an as-applied claim, based on the government accusing Ms. Cox of having voted in the State of Florida.

The undersigned has discussed this motion with AUSA Christopher Killoran who has indicated that he has no objection to the relief sought by this motion.

Dated this 27th day of July, 2026.

Respectfully submitted,


Chelsea Michelle Ann Cox, Defendant

*/s/ Bruce L. Udolf*

BRUCE L. UDOLF, P.A.
Counsel for Defendant
599 SW Second Avenue
Fort Lauderdale, FL 33301
Tel: 954-415-2260
budolf@bruceudolf.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served on all counsel of record or pro se parties via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case, on this 27th day of July, 2026.


*/s/ Bruce L. Udolf*
BRUCE L. UDOLF, ESQ.

4