UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60249-DSL

UNITED STATES OF AMERICA,

*Plaintiff*,

*v.*

CHELSEA MICHELLE ANN COX,

*Defendant*.
_______________________________/

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**REGARDING THE BRIEF OF THE *AMICUS CURIAE***

COMES NOW Defendant Chelsea Michelle Ann Cox, by and through undersigned counsel, who files this supplemental brief addressing the *amicus curiae* brief of Attorney Paul Clement. The brief of the *amicus curiae* expanded on the points raised by Cox in her motion to dismiss and reached the same conclusion. In Attorney Clement's words, § 611 "as a whole is most fairly read as a forbidden congressional effort to set a national voting qualification." ECF No. 46 at 14. As highly persuasive authority, it further shows why the defense's position is correct and dismissal is required. This supplemental brief, in turn, will make a final point building on the *amicus curiae*'s valuable insight.

## I. Attorney Clement is correct that § 611 cannot be subject to the avoidance canon; the law is unambiguous and thus cannot be judicially rewritten.

Attorney Clement examined the case from every angle and concluded that § 611 is a voter qualification—and the Constitution's allocation of power denies that authority to Congress. He then concluded by dissecting every potential argument in § 611's favor and showing why each flounders in the face of the Constitution and the statute's plain text. Although one of those flawed counterarguments hasn't been raised by the government in Cox's case, it's nevertheless worth unpacking further.

Toward the end of his brief, Attorney Clement analyzes whether a court could save § 611 "from constitutional invalidation" by a "narrow construction," and ultimately concludes that "there is no obvious saving construction available to limit the statute's application to situations where the alien's voting in the federal election violates state law." ECF No. 46 at 36. Cox agrees with that conclusion and offers this supplement to flesh out why a narrow construction is unavailing (and indeed impermissible) here.

The Supreme Court has long recognized that "[w]hen the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised," a court should "first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Crowell v. Benson*, 285 U.S. 22, 62 (1932). In other words, when a statute is reasonably susceptible to multiple interpretations and one interpretation would render it unconstitutional, the alternate *permissible* interpretation that avoids the problem is preferable. *See, e.g., NLRB. v. Cath. Bishop of Chicago*, 440 U.S. 490, 500 (1979) (explaining that "an Act of Congress ought not be construed to violate the

Constitution if any other possible construction remains available"). Importantly, the canon of constitutional avoidance "does not give a court the prerogative to ignore the legislative will in order to avoid constitutional adjudication." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 841 (1986). And the canon cannot be stretched to "the point of perverting the purpose of a statute," nor can it be used to "judicially rewrit[e]" the law. *Aptheker v. Sec'y of State*, 378 U.S. 500, 515 (1964) (citation omitted).

Critically, the trigger for the canon's application is genuine ambiguity. As the Eleventh Circuit has explained, "[c]ourts should not employ the canon of construction that ambiguous statutory language is to be construed to avoid constitutional questions as a pretext for rewriting clear statutory language." *Harris v. Garner*, 216 F.3d 970, 985 (11th Cir. 2000) (en banc). That's because, in Judge Easterbrook's words, canons of interpretation "are doubt-resolvers, useful when the language is ambiguous and 'a construction of the statute is *fairly possible* by which the question may be avoided.'" *United States v. Marshall*, 908 F.2d 1312, 1318 (7th Cir. 1990) (emphasis supplied and citation omitted). And because ambiguity is a prerequisite, the canon of constitutional avoidance "'has no application' in the interpretation of an unambiguous statute." *McFadden v. United States*, 576 U.S. 186, 197 (2015) (quoting *Warger v. Shauers*, 574 U.S. 40, 50 (2014)).

Section 611 is unambiguous as to the key issue: it cannot be interpreted to apply only to aliens who voted in states that already ban noncitizen voting. The law's unambiguity is proven by its plain text. *See Heyman v. Cooper*, 31 F.4th 1315, 1318 (11th Cir. 2011) ("As in every statutory-interpretation case, we start with the text—and, if we find it clear, we end there as well." (citation and quotation omitted)). The text provides

that it "shall be unlawful for *any* alien to vote in *any* election" with a federal candidate on the ballot, with no restriction that the vote occurred in a state that bans noncitizen voting. *See* 18 U.S.C. § 611(a) (emphasis added). Thus, the law "is not keyed to an underlying violation of state law." ECF No. 46 at 35. What's more, the law includes a carve-out exempting elections where aliens are authorized to vote and the election "is conducted independently of voting for a candidate for such Federal offices." *See id.* § 611(a)(1)–(3). The "unless" clause "makes clear Congress' intent to prohibit an alien from voting in a federal election *even when permitted by state law*." ECF No. 46 at 36 (emphasis added).

The law's unambiguous application to *all* noncitizen voters is further shown by the structure of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Regions Bank v. Legal Outsource PA*, 936 F.3d 1184, 1192 (11th Cir. 2019) (explaining that an Act should be interpreted as a whole, in view of its structure and the logical relation of its parts). The Act included provisions making aliens inadmissible or removable upon voting in violation of any federal *or* state election law. *See* 8 U.S.C. §§ 1182(a)(10)(D)(i), 1227(a)(6)(A). Those other provisions of the Act prove that "Congress plainly knows how to draft a statute that makes an immigration sanction turn on a violation of state law." ECF No. 46 at 35. And that structural evidence precludes a narrow construction of § 611 to apply only in states that ban noncitizen voting.

In sum, interpreting § 611 to apply only in situations where state law prohibits voting by aliens is not interpreting but rather rewriting the law. That the Court may not do. *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) ("Spotting a constitutional issue does not give a court the authority to rewrite a statute as it pleases."). Because the plain and

unambiguous text of § 611 leads to the inexorable conclusion that it imposes a nationwide citizenship voter qualification (irrespective of the laws of the states), the statute is unambiguous and narrowing its breadth is impermissible. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 494 (2001) (explaining that the avoidance canon "has no application in the absence of . . . ambiguity"). If this constitutionally infirm statute is to be rewritten, such revision must originate from Article I rather than Article III.

## II. Conclusion.

The record before the Court—the Constitution's text, its history, and the Framers' intent—points to one conclusion: "Congress overstepped constitutional bounds in enacting" § 611. ECF No. 46 at 3. Such a ruling may be consequential, but that bears neither on the constitutional analysis nor on the Court's main duty: "to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). This law is unconstitutional.

Respectfully submitted,

BRUCE L. UDOLF, P.A.
*Attorneys for the Defendant*

*/s/ Bruce L. Udolf*

599 SW Second Avenue
Fort Lauderdale, FL 33301
Tel: 954-415-2260
budolf@bruceudolf.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Bruce Udolf*
Bruce Udolf